# Exhibit "A"

*Complaint*

Electronically Filed
10/14/2019 1:27 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-19-803554-C
Department 29

**COMP**
**LINDSAY K. CULLEN, ESQ.**
Nevada Bar No. 12364
**PAUL R.M. CULLEN, ESQ.**
Nevada Bar No. 12355
**BERTOLDO BAKER CARTER & SMITH**
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Phone: (702) 228-2600
Fax: (702) 228-2333
lindsay@nvlegaljustice.com
paul@nvlegaljustice.com
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

\* \* \*

| | |
|---|---|
| NICOLE G. GARDNER, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| WAL-MART, INC., a foreign limited-liability company, doing business as WAL-MART STORE #2884; DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive, | |
| Defendants. | |

COMES NOW the Plaintiff, NICOLE G. GARDNER ("GARDNER"), by and through her attorneys of record, LINDSAY K. CULLEN, ESQ. and PAUL R.M. CULLEN, ESQ., of the law firm of BERTOLDO BAKER CARTER & SMITH, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

1. Plaintiff GARDNER was at all times pertinent hereto, and still is, a resident of Clark County, State of Nevada.

2. Upon information and belief, at all times herein mentioned, Defendant WAL-MART, INC., was doing business as WAL-MART STORE #2884 ("WAL-MART") and was, and still is, a foreign limited-liability company duly authorized, qualified and regularly conducting business

Page 1 of 7

within the County of Clark, State of Nevada.

3. That the true names and capacities of the Defendants ROE BUSINESS ENTITIES 1 through 20, inclusive, and DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Defendants designated as DOES 1 through 20 and/or ROE BUSINESS ENTITIES 1 through 10 are owners, agents, employers, employees, lessors, lessees, successors and/or predecessors in interest, contractors, subcontractors, governmental entities or assigns of Defendants and each of them and/or ROE BUSINESS ENTITIES 11-20 or individuals or entities otherwise within possession and/or control of the business and/or premises herein alleged, including the maintenance, inspection, safety and care of the business and/or premises as named herein. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as a ROE BUSINESS ENTITY or a DOE is in some manner negligently, vicariously, strictly, contractually and/or statutorily responsible for the events and happenings referred to herein and caused damages directly and proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names of such Defendants when the same has been ascertained.

4. All of the events which are complained of herein took place in the County of Clark, State of Nevada.

5. That at all times pertinent hereto, and particularly on or about October 27, 2017, Defendants WAL-MART, INC., ROE BUSINESS ENTITIES 1 through 20 and/or DOES 1 through 20, and each of them, owned, occupied, maintained and/or otherwise were responsible for the interior walkway premises of a business and premises, in particular, WAL-MART STORE #2884, located at 8060 West Tropical Parkway, Las Vegas, NV 89149, to include, but not limited to pedestrian walkways, inside the Defendant's premises.

6. At all times herein mentioned, and particularly on or about October 27, 2017, Plaintiff GARDNER was walking through said premises of Defendants' as a guest and customer when she suddenly and without warning slipped and fell on a crystal/salt like substance which was poured over an oil spill and blended into the patterned floor, causing her to suffer personal injuries and damages.

7. At said and time and place, an employee of Defendant WAL-MART STORE #2884 arrived at the location where Plaintiff fell, surveyed the scene, and informed Plaintiff that someone "must have cleaned up oil the lazy way".

8. At said and time and place and at all time mentioned herein, Defendants, and each of them, had prior notice of the dangerous condition that existed on their premises.

9. Defendants, and each of them, remain jointly and severally liable for their negligence, carelessness, and recklessness plead herein.

## FIRST CAUSE OF ACTION
(Negligence, Defendants, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)

10. Plaintiff realleges and repleads each and every allegation of the preceding paragraphs as fully set forth hereunder.

11. That on or about October 27, 2017, and at all times relevant hereto, Defendants WAL-MART, INC., DOES 1 through 20 and/or ROE BUSINESS ENTITIES 1 through 20 named herein, and each of them, through their employees, agents, or other (hereinafter referred to as "Defendants, and each of them,"), through their acts and omissions, maintained, inspected and/or otherwise created and cared for the aforementioned walking surface or "walkway" of the WAL-MART STORE #2884 premises in such a manner as to allow to exist an unreasonably dangerous condition for its guests to use while walking in and around the shopping area, in particular a foreseeable slip hazard on the walkway's surface.

12. That at such time and place, Defendants, and each of them, through their employees, agents, or others were negligent, reckless and careless in creating and/or allowing to exist this unreasonably dangerous condition by failing to properly and safely inspect, maintain, otherwise care for the aforementioned walking surface and/or materials applied to the surface thereof, and by allowing the public and their guests to encounter this danger, in particular Plaintiff NICOLE GARDNER. Further, Defendants failed to prevent, avoid, correct, reduce, remove or otherwise properly respond to the danger or reasonably warn of the risk of harm posed thereby, all

1  and each of which directly and proximately resulted in Plaintiff NICOLE GARDNER'S injuries
2  and damages.

3      13.    That at such time and place, Defendants, and each of them, through their
4  employees, agents, or others were negligent, reckless and careless in creating and/or allowing to
5  exist said unreasonably dangerous condition by failing to properly and safely inspect, maintain,
6  and/or otherwise care for the aforementioned walkway and/or materials applied to the surface
7  thereof, and by allowing its guests and the public to encounter this danger, in particular Plaintiff
8  NICOLE GARDNER. Further, Defendants failed to prevent, correct, reduce, remove or otherwise
9  properly respond to the danger or reasonably warn of the risk of harm posed thereby, all and each
10 of which directly and proximately resulted in Plaintiff NICOLE GARDNER'S injuries and
11 damages.

12     14.    That at such time and place, Defendants, and each of them, through their
13 employees, agents, or others knew or should have known of the unreasonably dangerous condition
14 and the risk of harm posed thereby, at a time prior to Plaintiff NICOLE GARDNER'S fall and
15 injuries therefrom.

16     15.    That Plaintiff NICOLE GARDNER had no actual or constructive knowledge of
17 said unreasonably dangerous and unsafe condition existing on the premises.

18     16.    The acts and omissions of Defendants, and each of them, through their employees,
19 agents, or others to create, prevent, correct or remove the aforesaid dangerous and unsafe condition,
20 or give adequate warning of the foreseeable risk of harm posed thereby, were breaches of the duty
21 of reasonable care owed by the Defendants, and each of them, under the circumstances to persons
22 invited onto its premises, and in particular to Plaintiff NICOLE GARDNER, to keep their premises
23 free from unreasonably dangerous conditions.

24     17.    That as a direct and proximate result of the Defendants', and each of their
25 negligence, carelessness and recklessness, through the acts and omissions of their employees,
26 agents, contractors or others, Plaintiff NICOLE GARDNER encountered said dangerous condition,
27 fell and sustained serious personal injuries and damages.
28

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

18. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, Plaintiff NICOLE GARDNER was injured in her health, strength and activity, sustaining shock and injury to her body and mind, all and each of which have caused, and will continue to cause, Plaintiff NICOLE GARDNER physical, mental and emotional pain, suffering, disability, and loss of enjoyment of life.

19. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, Plaintiff NICOLE GARDNER has incurred, and continues to incur, medical expenses, loss of income, and loss of earning potential, all to Plaintiff NICOLE GARDNER'S damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

20. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, it has been necessary for Plaintiff NICOLE GARDNER to retain the law firm of BERTOLDO BAKER CARTER & SMITH to prosecute this action, and Plaintiff are therefore entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**Negligent Hiring, Training Supervision, and/or Retention of Defendants WAL-MART, INC., DOES 1 through 20 and ROE BUSINESS ENTITIES 1 through 20**

21. Plaintiff realleges and repleads each and every allegation of the preceding paragraphs as though fully set forth hereunder.

22. That Defendants, and each of them, had a duty, responsibility and obligation, carried out through the proper hiring, training, supervising, and retention of its employees, agents, contractors, assigns and others to inspect, maintain and/or otherwise reasonably care for the aforementioned walking surface of the WAL-MART STORE #2884 premises and/or the particular area in which Plaintiff NICOLE GARDNER slipped and fell in such a manner so guests could safely enter, walk through and exit the shopping premises.

23. That Defendants, and each of them, through their employees, agents, contractors, assigns or others, were negligent, careless and reckless by failing to properly hire, train, warn, instruct, supervise and/or retain its or others' employees, agents, contractors, assigns and/or others on the proper inspection, maintenance, and/or to otherwise reasonably care for the aforementioned walking surface of the WAL-MART STORE #2884 premises in such a manner so guests could safely enter, walk through, use and exit the shopping premises, all and each of which directly and proximately caused Plaintiff NICOLE GARDNER'S slip and fall with the injuries and damages to Plaintiff NICOLE GARDNER alleged herein.

24. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, Plaintiff NICOLE GARDNER was injured in her health, strength and activity, sustaining shock and injury to her mind and body, all and each of which have caused, and will continue to cause, Plaintiff NICOLE GARDNER physical, mental and emotional pain, suffering, disability, and loss of enjoyment of life.

25. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, Plaintiff NICOLE GARDNER has incurred, and continues to incur, medical expenses, loss of income, and loss of earning potential, all to Plaintiff NICOLE GARDNER'S damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

26. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, it has been necessary for Plaintiff NICOLE GARDNER to retain the law firm of BERTOLDO BAKER CARTER & SMITH to prosecute this action, and Plaintiffs are therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

### FOR EACH AND EVERY CAUSE OF ACTION

1. For past and future general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000);

2. Special damages in an amount to be determined at time of trial;

3. Reasonable attorney fees, pre and post-judgment interest, and costs of suit; and

4. Such other and further relief as the Court may deem just and proper.

DATED this 14 day of October, 2019.

BERTOLDO BAKER CARTER & SMITH

LINDSAY K. CULLEN, ESQ.
Nevada Bar No. 12364
PAUL R.M. CULLEN, ESQ.
Nevada Bar No. 12355
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiff

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600 • Fax 702-228-2333