**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NICOLE G. GARDNER, | Case No. 2:20-cv-00071-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| WALMART INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Compel and Extend/Reopen Discovery (ECF No. 23), filed on March 8, 2021. Defendant filed a Response (ECF No. 24) on March 22, 2021 and Plaintiff filed a Reply (ECF No. 25) on March 29, 2021. The Court finds this matter properly resolved without a hearing. LR 78-1.

**I.      BACKGROUND**

This action arises from a slip and fall incident on October 27, 2017 in which Plaintiff slipped on sugar while walking toward Aisle 24 in Walmart store #2884. Plaintiff claims that she recently learned that there have been numerous prior slip, trip, and fall incidents through deposition testimony of a former co-manager and employee Marilee Watanabe on March 4, 2021. Plaintiff also received deposition testimony from Raymond Hope on March 5, 2021 who testified there is no requirement to physically sweep individual aisles. She contends that she requested prior incidents from Defendant who limited the request to falls on sugar in the dry grocery section and disclosed only one incident. Plaintiff indicates that she served Interrogatory No. 20 on July 20, 2020, which requested the prior incidents. Similarly, Request for Production No. 4 asked for incident reports from prior incidents at that store. The parties met and conferred multiple times on the scope of the request, which resulted in Defendant filing a motion for protective order. The parties then resolved the matter when Plaintiff withdrew the request in order to conduct further discovery through depositions. In light of the new deposition testimony that there were hundreds

of potential falls at the store, Plaintiff seeks to reopen discovery and compel production of the requested slip and fall incidents for the five years prior in all of store #2884.

Defendant claims that there is no evidence supporting that Defendant had notice of the temporary hazard – sugar – involved in the subject incident. It further underscores that the substance was a temporary hazard and Nevada law permits prior incidents to be discovered if there was a continuing hazard. Defendant notes that it filed a prior motion for protective order on this request for prior incidents, which the Court found moot when Plaintiff withdrew it. Further, Defendant highlights that it provided a compromise response of prior incidents from three years prior to the subject incident that occurred within the subject incident area. Defendant also claims there was not a good faith meet and confer prior to Plaintiff's filing the instant motion.

Plaintiff replies that she satisfied the meet and confer requirement prior to bringing this motion. She also contends that the prior incidents were always the subject of her discovery attempts, including through the depositions that resulted in the filing of this motion. Plaintiff also contends that Defendant purposefully concealed the total number of prior incidents because they want to prove their theory that this was an isolated incident. She claims that the deposition testimony of hundreds of falls suggest this is a systematic problem and Plaintiff is entitled to a response to prior written discovery to determine if there was a continuous and dangerous condition.

**II.    DISCUSSION**

Fed.R.Civ.P. 33 requires the responding party to serve its answers or any objections within 30 days after being served with written interrogatories. The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D. Nev. 2012) (same).

Further, Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense when the party establishes good cause.  For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.  *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).  The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

However, since the 2015 amendment, Rule 26's relevancy analysis explores whether the information sought has a bearing on the claims and defenses of the parties.  Particular attention to detail is needed when conducting the relevancy analysis when the claim is negligence and specifically, notice is the issue.  Like in *Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017), the linchpin here is that the alleged dangerous condition – sugar – was temporary and changeable in nature.  In general, prior incidents of a temporary dangerous condition may help establish that a defendant had actual or constructive notice of its probable recurrence.  However, the Nevada Supreme Court made it clear in *Eldorado Club, Inc. v. Graff*, 78 Nev. 507, 511, 377 P.2d 174, 176 (1962) that notice evidence is not admissible for a slip and fall that was caused by the temporary presence of debris or foreign substance.

Significantly, we are only talking about discoverability rather than admissibility at this stage in the case.  As in *Shakespear v. Wal-Mart Stores, Inc.*, 2012 WL 13055159, at *6 (D. Nev. Nov. 5, 2012), Plaintiff is entitled to discover evidence of prior incidents because they are

probative of whether her fall was caused by a temporary condition as Defendant claims or a recurring problem that Defendant had a duty to address.

Discovery closed in this matter on March 8, 2021. Ms. Watanabe's deposition was on March 4, 2021 and Mr. Hope's deposition was on March 5, 2021. The Court finds that Plaintiff acted diligently to file this Motion in a timely manner; Plaintiff is not precluded from bringing the Motion simply because Defendant's prior motion for protective order was found moot. The Court hoped that the issue was resolved with finality, but since it is apparent that a new dispute has arisen, the Court will consider Plaintiff's request. Further, although the Court finds it warranted to compel a supplemental response as discussed below, it will not reopen discovery. The parties may complete this final matter outside the close of discovery and the Court will extend the dispositive motions deadline by 60 days so that there is sufficient time to review the response. As no other discovery is requested subsequent to the supplemental response, the Court finds it unnecessary to reopen discovery and will simply consider the response timely submitted.

As for the relevance and proportionality of the prior incident requests, the Court promotes resolution of this case on the merits. With discovery just closing and the new information from the depositions becoming known, the Court finds that no prejudice results to Defendant by compelling supplemental responses at this state of the litigation. Indeed, no trial date has been set and no dispositive motions have been ruled upon. Plaintiff contends that the prior incidents are relevant to establishing that the hazard was a continuous hazard rather than a single, isolated incident as Defendant claims. Under these circumstances, with Plaintiff asserting a negligence claim along with negligent training and supervision, the Court will compel a supplemental response because it finds the information to be relevant and proportional to the needs of this case. This is a very specific case-by-case inquiry. After giving it careful consideration for this case, the Court finds that Plaintiff has carried her burden of establishing relevance.

For the proportionality analysis, the Court considered the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1); *see also Caballero,* 2017

WL 3174931 at *2.  The Court will narrow Plaintiff's request for prior incidents as follows: Only incidents for three years prior to the subject incident, that occurred in store #2884, and that involved sugar or other granular substance.  This does not expand the time scope since Defendant already provided one incident for the prior three years.  Three years is not burdensome here given that there was only one incident in the prior three years in the subject area; as such, it is not comparable to other cases that applied an 18 month limitation nor does this set a precedent that finding three years is always appropriate.  Further, it only slightly expands the location scope from just the subject incident location to all locations in the store with the important limitation that prior incidents must similarly involve sugar or other granular substance.  Again, the Court is not discussing admissibility of this evidence, but rather, only appropriate discovery for Plaintiff's theory that the sugar may have been a continuous hazard.  With this narrow tailoring, the Court finds the requests to be proportional to the needs of this case.  Defendant will have 30 days to provide the supplemental response to Plaintiff.  To the extent there are privacy concerns regarding third party or medical information, Defendant may redact information or submit it to Plaintiff under a protective order governing the exchange of discovery materials.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and Extend/Reopen Discovery (ECF No. 23) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant shall provide a supplemental response to Interrogatory No. 20 and Request for Production No. 4 within 30 days with the limitations established by the Court.

**IT IS FURTHER ORDERED** that the dispositive motions deadline shall be extended by 60 days to June 4, 2021.

DATED: April 27, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE